UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00435-FDW-DCK

| | |
|---|---|
| NAZANIN ROSTAM ABADI, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>MECKLENBURG COUNTY HEALTH )<br>DEPARTMENT, MECKLENBURG )<br>COUNTY GOVERNMENT, )<br>)<br>    Defendants. )<br>) | ORDER |

THIS MATTER is before the Court upon Defendant's Motion to Dismiss (Doc. No. 8) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because Plaintiff appears *pro se*, the Court issued a Roseboro notice (Doc. No. 12) informing Plaintiff of the burden she carries in responding to Defendant's Motion. Plaintiff has responded (Doc. No. 10 and 14), and this matter is now ripe for review. For the reasons stated below, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss (Doc. No. 8).

**I. BACKGROUND**

Plaintiff is a former employee of the Mecklenburg County Health Department, where she worked as a WIC Clinician for more than nine years. She states both that she was wrongfully terminated and that she was forced to resign on November 29, 2016. She complains she was subject to discrimination, harassment, and retaliation for trying to address an unsafe work environment that led to her two work-related injuries. She also claims she was discriminated against on the basis of her religion and her national origin, that she is in constant pain due to her

1

injuries, and that she cannot collect unemployment because of a document she "was forced to sign on false pretenses."

According to her Complaint, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") in mid-March 2017 and received a "Notice of Right to Sue" letter on April 26, 2017. (Doc. No. 1, p. 3). On July 24, 2017, Plaintiff filed the instant Complaint. (Doc. No. 1). She purports to bring claims under the Retaliatory Employment Discrimination Act, the Whistleblower Protection Act, Title VII of the Civil Rights Act of 1964, and the Occupational Safety and Health Act of North Carolina.

On August 14, 2017, this Court dismissed Plaintiff's claims under the Whistleblower Protection Act and the Occupational Safety and Health Act of North Carolina for failure to state a claim upon which relief may be granted. (Doc. No. 3). Defendant, on September 19, 2017, filed a Motion to Dismiss Plaintiff's remaining complaints pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 8). Plaintiff has responded (Doc. No. 10 and 14), and this motion is now ripe.

## II. STANDARD OF REVIEW

Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary

judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56) (internal citations omitted).

# III. ANALYSIS

## A. Subject Matter Jurisdiction

Defendant contends that the Court lacks subject matter jurisdiction over Plaintiff's Title VII and REDA claims. (Doc. No. 9, p. 3). For the reasons set out below, the Court agrees in part with Defendant's contentions.

### 1. Plaintiff's Title VII Claim Exceeds Scope of EEOC Charge.

Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's Title VII claim to the extent that it exceeds the scope of Plaintiff's EEOC Charge. (Doc. No. 9, p. 3). After reviewing Plaintiff's amended complaint and EEOC charge, this Court agrees.

A court's subject matter jurisdiction for Title VII suits is limited in scope to the issues for which a plaintiff has exhausted her administrative remedies with the EEOC. Boyd v. Miller Pipeline Corp., No. 3:16-CV-00278, 2017 BL 241850 (W.D.N.C. July 13, 2017) (citing Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009)). A claimant's administrative remedies are exhausted when she files a charge with the EEOC. Abdus-Shahid v. Mayor & City Council of Balt., 674 Fed. Appx. 267, 274 (4th Cir. 2017). An EEOC charge must sufficiently describe the alleged discriminatory acts and identify the accused parties so as to (1) notify the EEOC and the employer of the scope of the allegations and (2) provide an opportunity for voluntary compliance. Chacko v. Patuxent Inst., 429 F.3d 505, 508-510 (4th Cir. 2005). A plaintiff's subsequent civil action must be limited in scope to those issues found in the EEOC charge. See Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996). If "claims raised under Title VII

4

[suits] exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995). However, as EEOC charges are not normally drafted by lawyers, courts are to construe them liberally, requiring only that the factual allegations of the charge reasonably relate to the factual allegations of the formal litigation. Harrison v. South Carolina Dept. of Mental Health, 641 Fed. App'x 202, 209 (4th Cir. 2015).

Defendant has attached a copy of Plaintiff's EEOC charge to the brief in support of its motion to dismiss. (Doc. No. 9-1). Plaintiff does not dispute the authenticity of the EEOC charge, and therefore the Court considers Defendant's attachment to be an accurate copy of the EEOC charge. The Court has reviewed the EEOC charge for the purposes of determining the scope of Plaintiff's Title VII suit. The Court notes that in the area of the charge form that provides boxes for claimants to check the type of discrimination alleged, Plaintiff checked only the "retaliation" box. Id. at 2. However, the failure to check other boxes is not alone determinative of the permitted scope of Plaintiff's subsequent lawsuit. See Williams v. Mancom, Inc., 323 F.Supp.2d 693, 695 (E.D.Va 2004). The Court also considers written portion of the charge form where Plaintiff stated as follows:

> I. In December 2007, I was hired by the above employer as a nutritionist. On November 10, 2016, I was suspended with pay. On November 29th, I was discharged.
>
> II. On November 29, 2016, my supervisor informed me that I was discharged for conduct issues, which are not true and a pretext for discrimination. On many occasions, verbally and in writing, I complained to the supervisor, the manager, and the director about co-workers comments about and treatment of clients based on their national origin and religion.
>
> III. I believe I have been retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended.

5

(Doc. No. 9-1, p. 2). This Court agrees the EEOC charge, even construed liberally, does not contain factual allegations that can support Plaintiff's hostile work environment claim. A hostile work environment exists when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotation marks omitted). Plaintiff's factual allegations could not have put the employer on notice of hostile work environment charges nor allowed for the employer to address such a claim through conciliation or otherwise during the administrative process.

Accordingly, Plaintiff's hostile work environment claim is procedurally barred for failing to exhaust the available EEOC administrative remedies.

### 2. Plaintiff's REDA Claim Should be Dismissed for Failure to File REDA Charge.

Defendant argues that because Plaintiff failed to file a REDA charge with the North Carolina Department of Labor this Court lacks subject matter jurisdiction over Plaintiff's REDA claim. Here too the Court agrees.

In order to properly assert a REDA claim, certain prerequisites must be met. Within 180 days of the alleged violation, an employee "may file a written complaint with the Commissioner of Labor alleging the violation." N.C. Gen. Stat. § 95-242(a). After an investigation, if the Commissioner dismisses the complaint, the Commissioner will then issue the employee a right to sue letter, enabling the employee to bring a civil action pursuant to N.C. Gen. Stat. § 95-243. See e.g., Johnson v. North Carolina, 905 F.Supp.2d 712, 728 (W.D.N.C. 2012). Such action must

commence within 90 days off the issuance of the right to sue letter. N.C. Gen. Stat. § 95-243(b) and (e). A REDA claim and derivative public policy claim are barred where it is undisputed that a plaintiff has never filed an administrative charge with the Department of Labor. See e.g., Johnson, 905 F.Supp.2d at 728.

While a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Here, there is no indication that Plaintiff filed a complaint with the Labor Commissioner or obtained a right-to-sue-letter. Accordingly, because Plaintiff failed to exhaust her administrative remedies, her REDA claim is barred.

### B. Failure to State a Claim upon which Relief can be Granted

Defendant also makes the argument that Plaintiff's complaint against the Mecklenburg County Health Department should be dismissed because the health department is not an entity which has the capacity to be sued. (Doc. No. 9, p. 6). This Court agrees.

As this Court has noted before, the enabling statutes of North Carolina's boards of health or health departments give no indication of their capacity to sue or be sued. See N.C. Gen. Stat. Ann. §§ 130A-34, 35, 39 (West 2009); Motel 6 Operating, LP. v. Gaston County, DOCKET NO. 3:08-cv-00390-FDW, 2009 BL 143167 (W.D.N.C July 02, 2009). The Fourth Circuit highlighted this lack of capacity when it stated, "Neither the [County] Board of Health nor the Board of Social

Services is a legal entity separate and apart from the county. Both boards are created by, and are extensions of, the county." Avery v. Burke County, 660 F.2d 111, 113-14 (4th Cir. 1981).

Plaintiff's action against Mecklenburg County Health Department, therefore, cannot be maintained. Accordingly, the health department is dismissed from this case.

### A. Retaliation Claim under Title VII Survives 12(b)(6)

Under Title VII, it is unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful practice by this subchapter, or because he has made a charge [against his employer]." 42 U.S.C. § 2000-3(a). To assert a claim of retaliation, Plaintiff must allege: "(1) that she engaged in protected activity; (2) that she suffered an adverse action; and (3) that the protected activity and adverse action are causally related." Freliech v. Upper Chesapeake Health, Inc., 313 F.3d 205, 216 (4th Cir. 2002) (citing Rhoads v. FDIC, 257 F.3d 392 (4th Cir. 2001)).

Plaintiff alleges that she was retaliated against for reporting her co-workers discriminatory behavior towards non-English speaking minorities. Considered in the light most favorable to the Plaintiff, the allegations suggest that Plaintiff engaged in protected activity when she reported her coworkers discriminatory behavior. See Jordan v. Alternative Resources Corp., 458 F.3d 332, 337 (4th Cir. 2006) (holding that Title VII "provides protection of an employee's opposition activity when the employee responds to an actual unlawful employment practice" or when an employee's opposition activity "responds to an employment practice that the employee reasonably believes is unlawful"). Plaintiff further alleges that she was discharged in retaliation for her engaging in this

8

protected activity. The Court, therefore, determines that these allegations plead sufficient facts to survive a 12(b)(6) motion.

## IV. CONCLUSION

In sum, for the reasons stated above, the Court DISMISSES without prejudice Plaintiff's hostile work environment claim under Title VII and Plaintiff's REDA claim. Furthermore, the Court determines that Mecklenburg County Health Department lacks the capacity to be sued and is DISMISSED from this case. Plaintiff's remaining claim for retaliation pursuant to Title VII survives Defendant's motion to dismiss. Accordingly, Defendant's Motion to Dismiss (Doc. No. 8) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Signed: November 27, 2017

Frank D. Whitney
Chief United States District Judge