UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00435-FDW-DCK

| | |
|---|---|
| NAZANIN ROSTASTAM ABADI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MECKLENBURG COUNTY ) | |
| GOVERNMENT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment. (Doc. No. 44). Plaintiff has responded to Defendant's Motion, (Doc. No. 53), Defendant has replied, (Doc. No. 54), and this matter is now ripe for review. For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.

I. BACKGROUND

Plaintiff is a former employee of the Mecklenburg County Health Department, where she formerly worked as a WIC nutritionist. Plaintiff brought this suit *in forma pauperis* alleging that she was wrongfully terminated on November 29, 2016. Plaintiff originally brought several claims under a variety of state and federal laws: violations of the Occupational Safety and Health Act, retaliation and hostile work environment in violation of Title VII, violations of the Whistleblower Protection Act, and violations of the Retaliatory Employment Discrimination Act of North Carolina ("REDA"). (Doc. No. 6, p. 2). The Court conducted a frivolity review pursuant to 28 U.S.C. § 1915(e)(2) and dismissed Plaintiff's Whistleblower Protection Act and Occupational Safety and Health Act claims. (Doc. No. 3, p. 7). The Court subsequently dismissed Plaintiff's

REDA and hostile work environment claims at the motion to dismiss stage. (Doc. No. 18, p. 9). Plaintiff's Title VII retaliation claim survived Defendant's Motion to Dismiss.[1]

The factual basis for Plaintiff's Title VII retaliation claim is not clear from her filings. However, Plaintiff's EEOC charge alleges that she was retaliated against for complaining "to the supervisor, the manager, and the director about co-workers comments about and treatment of clients based on their national origin and religion." (Doc. No. 9-1, p. 2). Defendant now moves for summary judgment on Plaintiff's Title VII retaliation claim. (Doc. No. 44).

## II. LEGAL STANDARD

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact in the case. Fed. R. Civ. P. 56(a). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the burden shifts and the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 n.11 (1986) (quoting Fed. R. Civ. P. 56(e)).

Simply "rest[ing] upon the mere allegations or denials of [a plaintiff's] pleadings" is insufficient to survive a properly made and supported motion for summary judgment. Id. at 586 n.11. Instead, the non-moving party must adduce affirmative evidence, by means of affidavits or other verified evidence, showing that a genuine dispute of material fact exists. See id. at 586–87. "Although the court must draw all justifiable inferences in favor of the nonmoving party, the

---

[1] Defendants did not move for a 12(b)(6) dismissal for Plaintiff's retaliation claim in its entirety. (See Doc. No. 9, p. 3 (moving the Court to dismiss Plaintiff's Title VII claim only to the extent it exceeds the scope of Plaintiff's EEOC Charge)).

nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013).

### III. ANALYSIS

Defendant argues that summary judgment should be granted because, based on the allegations in Plaintiff's EEOC charge, Plaintiff did not engage in protected activity under Title VII and therefore cannot establish a prima facie case for retaliation. (See Doc. No. 45, p. 6–7).

Title VII's antiretaliation provision forbids an employer from discriminating against a person who opposes a "practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3 (2018). This antiretaliation provision's primary purpose is to prevent employers "from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of the Act's basic guarantees." Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 63 (2006). In order to establish a prima facie case for retaliation, a plaintiff must show that 1) they engaged in a protected activity, 2) they suffered an adverse employment action and 3) there was a causal link between the protected activity and the adverse employment action. Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

An employee engages in protected activity when they oppose an unlawful employment practice or what they reasonably believe to be an unlawful employment practice. DeMasters v. Carilion Clinic, 796 F.3d 409, 417 (4th Cir. 2015). The Fourth Circuit has made it clear that Title VII's antiretaliation provision is "not a general bad acts statute," and thus, only activities that oppose employment-related discrimination are protected from retaliation. See Crowley v. Prince

George's Cty., Md., 890 F.2d 683, 687 (4th Cir. 1989). In Crowley, the plaintiff claimed that he had been demoted for "drawing attention to racial harassment by the police department." Id. at 685. However, since the plaintiff was not investigating "discriminatory employment practices within the police department," but rather investigating instances of racial harassment toward the community at large, the Fourth Circuit found that the "claim simply is not cognizable under Title VII." Id. at 687. In other words, Title VII only protects against retaliation when the employee opposes employment-related discrimination and does not protect against retaliation for more general "whistleblowing" activities.

In the present case, Plaintiff's EEOC charge alleges that she was retaliated against for complaining "to the supervisor, the manager, and the director about co-workers comments about and treatment of <u>clients</u> based on their national origin and religion." (Doc. No. 9-1, p. 2) (emphasis added). Plaintiff's charge, on its face, does not allege that she or others were subject to employment-related discrimination. Rather, Plaintiff complained that her coworkers were discriminating against members of the general public. Therefore, Title VII does not protect Plaintiff from any retaliation she may have faced from reporting these instances of non-employment discrimination. See Crowley, 890 F.2d at 687 (stating that Title VII does not offer "protection for whistle-blowers on each and every instance of discrimination" "without regard to whether the claimed discrimination relates to a practice of employment"). Since Plaintiff's retaliation claim does not involve a protected activity under Title VII, summary judgment is appropriate.[2]

---

[2] The Court notes that Defendant did not, but probably could have, made these same arguments in its earlier 12(b)(6) motion to dismiss. Nonetheless, pursuant to Rule (12)(h)(1), failure to state a claim defenses are not waived, and the Court can consider these arguments at summary judgment.

Plaintiff now argues she should be allowed to bring a retaliation claim on the basis that she was terminated for reporting a hostile work environment. (See, e.g., Doc. No. 53, p. 44–45 (email complaining of a hostile work environment)). Essentially, Plaintiff argues that she should not be bound by the allegations in her EEOC charge, and should be allowed to move forward with an amended claim at this late stage in the proceedings.

An employee cannot get relief under Title VII unless they exhaust Title VII's administrative remedies. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 406–07 (4th Cir. 2013). The filing of an administrative charge "is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit . . . . Rather, the charge itself serves a vital function in the process of remedying an unlawful employment practice." Id. at 407 (internal quotation and citation omitted). Thus, "a federal court may only consider those allegations included in the EEOC charge." Id. While EEOC charges are to be construed liberally, a court is "not at liberty to read into administrative charges allegations they do not contain." Id. at 408. A plaintiff's claim "generally will be barred if his charge alleges discrimination on one basis . . . and he introduces another basis in formal litigation . . . ." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). Extrinsic evidence to the filing of an EEOC charge, such as the supporting intake questionnaires and private letters to the EEOC, cannot be used to constructively amend the formal discrimination charge. See Balas, 711 F.3d at 409.

Here, Plaintiff's EEOC charge does not include any allegations of a hostile work environment, nor does it allege that she complained of a hostile work environment and was retaliated against for bringing up her complaints. (See Doc. No. 9-1, p. 2). Plaintiff's arguments that the EEOC made a mistake by failing to include her reported claims in the EEOC charge are also unpersuasive. See Balas, 711 F.3d at 409 (barring the use of extrinsic evidence to reformulate

an EEOC charge). Plaintiff could have amended her EEOC charge early in the administrative process if the charging document was incorrect or incomplete. See 29 C.F.R. § 1601.12(b) ("A charge may be amended to cure technical defects or omissions."). Thus, the Court cannot now read in a claim for retaliation based on different factual allegations when these allegations were not included in the EEOC charge. See Chacko, 429 F.3d at 510 ("[T]he administrative process is an integral part of the Title VII enforcement scheme."). To rule otherwise would circumvent the administrative procedures established by Congress and deprive Defendant of the opportunity to "voluntarily and independently investigate and resolve the alleged discriminatory actions" at the administrative stage. Id.

The Supreme Court's recent decision in Fort Bend County, Texas v. Davis, 139 S. Ct. 1843 (2019), which was decided on the same day as the summary judgment hearing in this case, does not change the Court's analysis. In Fort Bend County, the Supreme Court abrogated the Fourth Circuit's holding in Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009) and held that Title VII's administrative procedures were not jurisdictional in nature. Fort Bend Cty., 139 S. Ct. at 1850 ("Title VII's charge-filing requirement is not of jurisdictional cast."). Therefore, the defendant in Fort Bend County was not permitted to raise the argument that plaintiff had failed to exhaust administrative remedies for the first time after several years of litigation. Id. at 1848. In contrast, Defendant in this case has raised the argument that Plaintiff had failed to exhaust administrative remedies consistently throughout the course of this litigation. (See Doc. No. 19, p. 3 (raising the defense in the answer that Plaintiff's claim exceeded the scope of her EEOC charge); Doc. No. 9, p. 4 (raising the same defense in a motion to dismiss)). While Defendant, following what was then Fourth Circuit precedent, previously presented this argument as an issue of jurisdiction, the substance of the argument was still validly invoked—that Plaintiff was limited to

the allegations brought in her EEOC charge. Fort Bend County did not soften the administrative procedural requirements of Title VII. See 139 S. Ct. at 1851 (noting that Title VII's charge-filing requirement was "mandatory" even though it was not "jurisdictional"). For these reasons, the Court finds that Plaintiff's claim of retaliation is limited to the allegations contained in her EEOC charge, and the claim fails as a matter of law because Plaintiff has not shown that she engaged in "protected activity" under Title VII.

At the summary judgment hearing for this case, Plaintiff acknowledged some of the procedural shortcomings in her case; nonetheless, she appealed for the Court to deny summary judgment and allow her case to move to a jury trial because unlike Defendant, Plaintiff was unrepresented by counsel throughout this litigation. The Court understands that employment discrimination law is complex and appreciates the difficulties that pro se litigants face in bringing forth their own cases. However, like Plaintiff, the Court is bound by the law and the rules of litigation. Therefore, the Court simply cannot rewrite the law and ignore binding precedent to deny Defendant's motion for summary judgment on the basis that Plaintiff was disadvantaged by her pro se status. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## CONCLUSION

IT IS THEREFORE ORDERED that for the reasons explained above, Defendant's Motion for Summary Judgment, (Doc. No. 44), is hereby GRANTED. Plaintiff's pending "Motion for Defendant to Sign the Certified Copy of Deposition," (Doc. No. 58), is DENIED AS MOOT. The Clerk of Court is respectfully directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: June 20, 2019

Frank D. Whitney
Chief United States District Judge